is supported by legally sufficient evidence, and we further conclude that it is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Schenk*, 294 AD2d 914 [2002], *lv denied* 98 NY2d 702 [2002]).

We reject the contention of respondent that he was denied effective assistance of counsel based on his Law Guardian's failure to move to dismiss the petition for lack of corroborative evidence. Respondent has failed to demonstrate the absence of strategic or other legitimate explanations for the Law Guardian's failure to argue that ground in moving to dismiss the petition (*see People v Rivera*, 71 NY2d 705, 709 [1988]). "[T]he record establishes that, viewed in the totality of the proceedings, [respondent] received meaningful representation by his Law Guardian" (*Matter of Jeffrey V.*, 82 NY2d 121, 126 [1993]; *see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO DANIELS, Appellant. [765 NYS2d 307] —Appeal from a judgment of Ontario County Court (Doran, J.), entered August 6, 2002, convicting defendant upon his plea of guilty of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25), defendant contends that County Court erred in denying his motion to suppress his statement to the police. We disagree. "[T]he testimony of the interrogating officer[ ], whom the court credited, established that defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights and agreed to speak without an attorney. Further, the officer['s] testimony established that defendant's confession was not coerced * * *. Defendant's testimony to the contrary merely raised an issue of credibility that the court was entitled to resolve in favor of the People" (*People v Coleman*, 306 AD2d 941, 941 [2003]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Any promise by the officer to inform the District Attorney of defendant's cooperation was not a promise of leniency (*see People v Sanchez*, 286 AD2d 650 [2001], *lv denied* 97 NY2d 760 [2002]; *People v Huntley*, 259 AD2d 843, 845-846 [1999], *lv denied* 93 NY2d 972 [1999]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ In the Matter of CHANDELLE R. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC

L., Appellant. (Appeal No. 1.) [765 NYS2d 307] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered May 8, 2002, which adjudged that respondent's children are permanently neglected children, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decisions at Family Court, Erie County, Rosa, J. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ In the Matter of YA'TAWI B. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC L., Appellant. (Appeal No. 2.) [765 NYS2d 308] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered May 8, 2002, which adjudged that respondent's children are permanently neglected children, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decisions at Family Court, Erie County, Rosa, J. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ In the Matter of RANDY A., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSEMARY A., Appellant. [765 NYS2d 308] —Appeal from an order of Family Court, Chautauqua County (Claire, J.), entered May 20, 2002, which adjudged that respondent's child is a permanently neglected child, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her son to be permanently neglected, terminating her parental rights, and authorizing petitioner to consent to the adoption of the child. Contrary to respondent's contention, petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Ja-Nathan F., 300 AD2d 1030, 1031 [2002], lv denied 99 NY2d 511 [2003]; Matter of Raychael L.W., 298 AD2d 930, 931 [2002], lv denied 99 NY2d 504 [2003]; Mat-